# Exhibit A

```
                                                    ORIGINAL
                                                     FILED
              UNITED STATES DISTRICT COURT
                                                    NOV 16 1979
           NORTHERN DISTRICT OF CALIFORNIA
                                                  CLERK, U. S. DIST. COURT
                                                     SAN FRANCISCO
```

ANTONIO CUCCHIARA, )
)
         Plaintiff, )
) No. C-78-2603-SC
-vs- )
)
SECRETARY OF THE TREASURY, ) O R D E R
et al., )
)
         Defendants. )
)

        Plaintiff Antonio Cucchiara brought this action pursuant to 18 U.S.C. § 923(f)(3) to obtain review of a refusal by the Secretary of the Treasury to renew his federal firearms dealer's license. On October 19, 1979, this court granted the Secretary's motion for summary judgment. Plaintiff has filed a notice of appeal. He now moves for a stay pending appeal.

        Plaintiff contends that he is entitled to a stay as a matter of right. He relies on F.R.Civ.P.62(d), which provides that "when an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision(a) of this rule." Notwithstanding the permissive language of subsection(d), it is generally thought that when no subsection(a) exception is applicable, the appellant is entitled to a stay as a matter of right upon the posting of an adequate bond. See generally 7 Moore's Federal Practice ¶ 62.06. Plaintiff contends that no subsection (a) exception is applicable here.

        One of the exceptions set forth in subsection(a) embraces actions for injunctions. Subsection(a) provides that the suspending, modifying, restoring or granting of an injunction during the pendency of an appeal is governed by subsection(c).

Under that subsection, the appellant is not entitled to a stay as a matter of right. Rather, the decision whether to grant a stay is within the court's discretion. It has been held that this exception extends beyond actions for what may properly be termed injunctions, to actions involving "injunctive-type remedies," Dewey v. Reynolds Metals Company, 304 F.Supp. 1116, 1118 (W.D.Mich.1969), rev'd on other grounds, 429 F.2d 324 (6th Cir. 1970), and relief which is the functional equivalent of an injunction, Reynolds Metals Company v. Secretary of Labor, 453 F.Supp. 4, 5-6 (W.D.Va. 1977).

Technically speaking, this action does not constitute an action for an injunction. There can be no doubt, however, that the court's order of October 19 constitutes the functional equivalent of a grant of an injunction preventing plaintiff from continuing to do business as a firearms dealer. In view of this, the court concludes that plaintiff is not entitled to a stay as a matter of right under subsection(d), but rather that the decision whether to grant a stay is within the discretion of the court under subsection(c).

Under subsection(c), the court must take into account four factors: (1) whether plaintiff has made a strong showing that he is likely to prevail on the merits of the appeal; (2) whether he has shown that unless a stay is granted he will suffer irreparable injury; (3) whether a stay will substantially harm the other parties to the litigation; and (4) where the public interest lies. See, e.g., Adams v. Walker, 488 F.2d 1064, 1065 (7th Cir. 1973); Miltenberger v. Chesapeake & Ohio Railway, 450 F.2d 971, 974 (4th Cir. 1971); Belcher v. Birmingham Trust National Bank, 395 F.2d 685, 686 (5th Cir. 1968). In this case, the Secretary represents the public interest. Consequently, factor three is subsumed by factor four.

-2-

Plaintiff has made no showing that he will prevail on the merits of the appeal. He has done no more than assert that he "has substantial issues for appeal," namely, the appropriate legal standard to be applied to determine whether his violations of the duties of federal firearms dealers were "willful" and the proper scope of judicial review of the Secretary's refusal to renew his license. The first issue is insubstantial. The standard applied by this court has been applied in substantially identical form in the majority of cases arising under 18 U.S.C. § 923(f)(3). The standard was drawn from the only appellate authority in the area. Plaintiff has not so much as suggested an alternative standard. The scope of review issue also is insubstantial. The most generous form of review ever accorded under 18 U.S.C. § 923(f)(3) is the de novo review undertaken by the court here. Furthermore, while plaintiff seems to suggest that he was entitled to a full blown re-hearing, at which time he would have been able to introduce new evidence, he fails to indicate what new evidence would have been introduced or how that evidence would demonstrate that the Secretary erred.

With regard to the question of irreparable injury, plaintiff asserts that "if a stay of the order closing me down is not granted the pursuit of my appeal will be a meaningless act . . . because my employees will have long gone, my customers will have taken their business elsewhere, and my suppliers and goodwill built-up over 22 years will have amounted to nothing." The court is not persuaded by this showing. Considering the limited number of licensed firearms dealers in northern California and the volume of plaintiff's business, it is unreasonable to assume that plaintiff's customers and suppliers will be irretrievably lost during the pendency of his appeal. The goodwill he has built-up during the life of the business will not be lost while the business is

-3-

briefly suspended. Moreover, no reason suggests itself as to why plaintiff should not always be able to secure an adequate number of employees.

The Secretary contends that a stay would be contrary to the public interest. Considering plaintiff's long history of gross disregard of or indifference to legal requirements [1]/ and the gravity of the harm to the public that flows from failure to comply with those requirements, the court agrees.

In accordance with the foregoing, it is hereby ordered that plaintiff's motion for a stay is denied.

Dated: November 16, 1979.

SAMUEL CONTI
United States District Judge

---

1/ See the Court's Order of October 19, 1979, granting the Secretary's motion for summary judgment, at 2 (summarizing the administrative record which establishes that plaintiff, throughout the life of his license and despite repeated warnings, committed hundreds of violations of legal requirements, including scores of sales of firearms to ineligible purchasers and failure to record the acquisition and disposition of firearms.

-4-