KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

      450 Golden Gate Avenue, Tenth Floor
      San Francisco, California 94102
      Telephone:   (415) 436-6909
      Facsimile:    (415) 436-6748
      Email: jonathan.lee@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRADER SPORTS, INC. dba THE TRADERS, <br><br>         Plaintiff, <br><br>     v. <br><br> ALBERTO GONZALES, Attorney General, United States Department of Justice, CARL J. TRUSCOTT, Director, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice, MARY LERCH, Director of Industry Operations, San Francisco Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice, <br><br>         Defendants. | No. C 06-001136 VRW <br><br> **DECLARATION OF MARTINA J. MCKEE IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** <br><br><br> Date: May 25, 2006 <br> Time: 2:00 p.m. <br> Dept.: 6 <br> Judge: Hon. Vaughn R. Walker |

I, MARTINA J. MCKEE, declare:

1.    I have worked for nearly 39 years in the Bureau of Alcohol, Tobacco and Firearms ("ATF") and its predecessors-in-interest. I make this declaration from my own personal knowledge. If called as a witness, I could and would competently testify to the contents of this declaration.

2.    I am currently working for ATF as the Acting Director of Industry Operations for the field division encompassing northern and central California and the entire state of Nevada. The DIO is the deciding official on licensing actions in the division. As Acting DIO, I

1   am responsible for all industry operations in the division, which amounts to all non-

2   criminal enforcement of laws and regulations concerning federal firearms licensees, such

3   as Trader Sports. I am serving as Acting DIO in a 90 day detail, set to expire

4   approximately on June 10, 2006.

3.   For the past 15 years, I have worked in Industry Operations for this same division, as an
area supervisor supervising inspectors and investigators. During this time, I have also
performed a significant amount of work in the public information office for the division.

4.   As Acting DIO, one of my job responsibilities is to serve as the custodian of records for
administrative actions to revoke federal firearms licenses, such as that concerning Trader
Sports.

5.   In the Matter of the Revocation of a Federal License Under Chapter 44, Title 18 U.S.C.,
as a Dealer in Firearms (Trader Sports, Inc.)(hereinafter, "Administrative Action"), I have
been responsible for maintaining a complete copy of the record relating to the
Administrative Action.

6.   Filed concurrently with this declaration is a complete copy of the record relating to the
Administrative Action, as follows.

7.   Filed concurrently herewith is a true and correct copy of my office's entire file of
evidence presented at the hearing in November 2004 or as part of the post-hearing
submission agreed to on the record. Due to the volume of paperwork, these materials
have been organized into 13 volumes, titled "Hearing Evidence Referred to in Declaration
of Martina J. McKee."

8.   The first eleven volumes consist of the government's exhibits. Volume 1 consists of
EXHIBITs GX-1 TO GX-23, numbered as pages USA00001 – USA00199. Volume 2
consists of Appendix A to government's exhibits – PAGES USA00201 – USA00594.
Volume 3 consists of Appendix B to government's exhibits – PAGES USA00595 –
USA01164. Volume 4 consists of Appendices C, C1 and D to government's exhibits –
PAGES USA01165 – USA01634. Volume 5 consists of Appendix E, "part 1 of 3" to
government's exhibits – PAGES USA01635 – USA02029. Volume 6 consists of

1    Appendix E, "part 2 of 3" to government's exhibits – PAGES USA02030 – USA02446.

2    Volume 7 consists of Appendix E, "part 3 of 3" to government's exhibits – PAGES

3    USA02447 – USA02871.  Volume 8 consists of Appendix E, marked "transferees'

4    address does not match" – PAGES USA02872 – USA03316.   Volume 9 consists of

5    Appendix E, marked "transferees' address does not match" – PAGES USA03317 –

6    USA03673.  Volume 10 consists of Appendix E, marked "all others" – PAGES

7    USA03674 – USA04075.  Volume 11 consists of Appendices R and F – PAGES

8    USA04076 – USA04155.

9    9.    In order to expedite preparation of these documents within the time constraints presented,

10         the numbers USA04156 through USA04999 were not used.

11   10.    The final two volumes consist of the hearing officer and licensee's exhibits.  Volume 12

12          is marked USA05000 – USA05502.  It consists of four hearing officer exhibits, HO-1,

13          HO-2, HO-3 and HO-4, and licensee exhibits LX-1 to LX-13.  Volume 13 consists of the

14          remainder of the licensee's exhibits, LX-14 through LX-22 and a letter from its attorney

15          dated January 31, 2005, numbered USA 05503 – USA05970.

16   11.    Exhibit GX-1 is a copy of the Notice of Revocation of License with Appendices A, B, C,

17          D, E and R, the Final Notice of Revocation of Firearms License, and the Findings and

18          Conclusion reached after the administrative hearing.

19   12.    Exhibit GX-2 is a copy of the request for hearing submitted by the licensee's attorneys.

20   13.    Exhibit GX-3 is a copy of the appointment of Hearing Officer Kim K. Kratchovil.

21   14.    Exhibit GX-4 is a copy of a letter dated August 25, 2004 setting the time and place for the

22          administrative hearing.

23   15.    Exhibit GX-5 is a copy of a letter from the licensee's attorney requesting a continuance of

24          the hearing.

25   16.    Exhibit GX-6 is a copy of a letter dated September 21, 2004 confirming the hearing

26          continuance.

27   17.    Exhibit GX-7/8 is a copy of the licensee's attorney's request for Reports of Violations by

28          the licensee in 2000 and 2002.

DECLARATION OF MARTINA J. MCKEE
C 06-1136 VRW                              3

18. Exhibit GX-9 is a copy of the licensee's attorney's request for subpoenas.

19. Exhibit GX-10 is a copy of ATF's response to the request for subpoenas.

20. Exhibit GX-11 is a copy of the licensee's attorney's response to GX-10.

21. Exhibit GX-12 is a copy of ATF's response to GX-11.

22. Exhibit GX-13 is a copy of an ATF Firearms Licensee Newsletter, August 2004, pages 5-6.

23. Exhibit GX-14 is a copy of a notice in the Federal Register, dated January 24, 2003, regarding ATF's reorganization.

24. Exhibit GX-15 is a copy of Title 6, United States Code section 552a.

25. Exhibit GX-16 is a copy of Title 6, United States Code section 531.

26. Exhibit GX-17 is a copy of the licensee's Report of Violations, ATF Form 5030.5, from the year 2000.

27. Exhibit GX-18 is a copy of the licensee's Report of Violations, ATF Form 5030.5, from the year 2002.

28. Exhibit GX-19 is a copy of a letter from ATF dated November 23, 2004.

29. Exhibit GX-20 is a copy of a declaration by ATF inspector Ronald Borg.

30. Exhibit GX-21 is a copy of a declaration by ATF inspector Jun Tucay.

31. Exhibit GX-22 is a copy of a declaration by ATF Francis Irving.

32. Exhibit GX-23 is a copy of a letter dated February 14, 1983 regarding the licensee.

33. Filed concurrently herewith is a true and correct copy of the hearing officer's exhibits from the Administrative Action Exhibits HO-1, HO-2, HO-3, and HO-4.

34. Exhibit HO-1 is a copy of the power of attorney completed by the licensee designating its attorneys for the Administrative Action.

35. Exhibit HO-2 is a copy of the audiotaped recording of the hearing in the Administrative Action. The actual audiotaped recording is submitted with the Chambers copy; the other copies of this opposition filing contain only photocopies of the audiotapes, but it is my understanding that the licensee has already received copies of the audiotapes.

36. Exhibit HO-3 is a copy of the transcript of the hearing in the Administrative Action.

DECLARATION OF MARTINA J. MCKEE
C 06-1136 VRW                                    4

1   37.   Exhibit HO-4 is a copy of the Hearing Officer's Report of the hearing in the

2         Administrative Action.

3   38.   Filed concurrently herewith is a true and correct copy of the licensee's exhibits from the

4         Administrative Action, Exhibits LX - 1, LX-2, LX-3, LX-4, LX-5, LX-6, LX-7, LX-8,

5         LX-9, LX-10, LX-11, LX-12, LX-13, LX-14, LX-15, LX-16, LX-17, LX-18, LX-19, LX-

6         20, LX-21, and LX-22.

7   39.   Exhibit LX-1 is a copy of the licensee's request to exclude certain evidence.

8   40.   Exhibit LX-2 is a copy of the licensee's request to strike prior violations.

9   41.   Exhibit LX-3 is a copy of the licensee's request to strike prejudicial portions of the notice

10        of revocation.

11  42.   Exhibit LX-4 is a copy of Firearms Transaction Form 4473, 12/11/2002, licensee sales

12        invoice, BART Police letter, and ID.

13  44.   Exhibit LX-5 is a copy of Firearms Transaction Form 4473, 12/3/2002, licensee sales

14        invoice, Sheriff's Department letter.

15  45.   Exhibit LX-6 is a copy of Firearms Transaction Form 4473, 12/5/2002, licensee sales

16        invoice, Sheriff's Department letter.

17  46.   Exhibit LX-7 is a copy of Firearms Transaction Form 4473, 11/4/2002, licensee sales

18        invoice, BART Police letter, and ID.

19  47.   Exhibit LX-8 is a copy of Firearms Transaction Form 4473, 8/9/2002, INS alien card,

20        licensee certification, checklist, bank statement, payroll stub, DROS, State carry permit

21        Alien Registration card, licensee gun safe certification, non-U.S. citizen residency

22        documents.

23  48.   Exhibit LX-9 is a copy of Firearms Transaction Form 4473, 11/4/2002, Buyer LY, CA

24        drivers license, INS resident card, AMTRAK stub.

25  49.   Exhibit LX-10 is a copy of a declaration signed by Bill Gould, an employee of the

26        licensee.

27  50.   Exhibit LX-11 is a copy of a declaration signed by Mark Cucchiara, an officer of the

28        licensee.

51. Exhibit LX-12 is a copy a declaration signed by Sergio Fanucci, an employee of the licensee.

52. Exhibit LX-13 is a copy of a declaration signed by Nancy Bone, an employee of the licensee.

53. Exhibit LX-14 is a copy of a declaration signed by Jayme Williams, an employee of the licensee.

54. Exhibit LX-15 is a copy of a declaration signed by Leonard Swindler, an employee of the licensee.

55. Exhibit LX-16 is a copy of a declaration signed by Joseph Franzoia, a customer of the licensee.

56. Exhibit LX-17 is a copy of a declaration signed by Warren Young, a customer of the licensee.

57. Exhibit LX-18 is a copy of a declaration signed by Ron White, a consultant of the licensee.

58. Exhibit LX-19 is a copy of a declaration signed by Edith Morales, an employee of the licensee.

59. Exhibit LX-20 is a copy of a declaration signed by David Kraft, a private investigator.

60. Exhibit LX-21 is a declaration by the licensee's President, Anthony Cucchiara.

61. Exhibit LX-22 is a letter brief dated November 23, 2004 submitted by the licensee's attorney.

62. Also attached is a copy of a letter dated January 31, 2005 from the licensee's attorney to ATF.

63. I was one of approximately fifteen ATF employees who participated in the inventory verification of a compliance inspection of Trader Sports in September 2003. Of that group, I believe I was the only on-site supervisor. Before the inspection began, I participated in discussions within ATF about how to conduct the inspection. I recall that we decided to use a larger group of inspectors than in the past in order to conduct the inspection effectively, efficiently and thoroughly and within a reasonably short time

1    frame. In order to accomplish these goals, and so ATF could meet its other numerous

2    responsibilities, we decided to use the number of inspectors above. Since Trader Sports

3    is one of the largest licensees in the state, the scope and volume of their operations is also

4    quite large. During our inspections, licensees continue to transact business. This makes

5    the inventory verification more difficult for us, and is a reason why we decided to go with

6    a larger group of inspectors so as to minimize the disruption to the operation of Trader

7    Sports' business. After approximately the third day of work on-site, we completed our

8    work documenting the number of firearms on the Trader Sports premises, we reassigned

9    several of the other employees to other tasks that did not involve Trader Sports. At that

10   point, the team of inspectors numbered approximately six for the duration of the on-site

11   work.

12   64.   Before the September 2003 inspection, I participated in discussions within ATF relating

13   to the computer record keeping variance Trader Sports received in 1999. Under the terms

14   of the variance, Trader was required to be able to print out their computer records. In

15   2000 and 2002, Trader was not able to provide the required print out to ATF. For that

16   reason, we decided to prepare a letter rescinding the variance. We brought that letter to

17   the September 2003 inspection, prepared to deliver it to Trader Sports, if necessary.

18   When we asked for the computer print out, Trader Sports could not provide it. At that

19   point, we delivered the letter rescinding the variance. Had Trader Sports been able to

20   provide the computer print out in September 2003, as required by the variance, we would

21   not have rescinded the variance.

22   65.   Earlier this year, I had discussions with Mary Lerch, my predecessor as DIO, about

23   whether ATF would agree to Trader Sports' request to stay revocation of its license,

24   pending the outcome of this litigation. We discussed the request and arrived at a

25   consensus that ATF should deny the request. I did not believe that in the interests of

26   justice the request should be granted and I had several reasons for this. In general, the

27   following reasons were the main points that informed my decision. First, the 2000, 2002

28   and 2003 inspections revealed widespread, pervasive recordkeeping errors in Trader

Sports. Second, Trader Sports could not account for the firearms it had acquired. The 2003 inspection found that Trader Sports had 141 firearms on its premises which had not been recorded in their acquisition record. The physical inventory in September 2003 resulted in a finding that approximately 7,500 firearms could not be accounted for in Trader Sports' records. By May 2004, after efforts to reconcile the discrepancies in Trader Sports' records, there were still approximately 1,700 firearms that could not be accounted for in Trader Sports' records. Third, I was aware that after Trader Sports purportedly spent thousands of dollars to rectify the deficiencies in their record keeping systems, there were still approximately 19 trace requests by law enforcement during 2003-2006 for which Trader Sports could not successfully respond. This is an inordinately high number of unsuccessful traces and demonstrates that Trader Sports continues to have significant deficiencies in record keeping. Finally, I was aware that a significant number of firearms sold by Trader Sports are the subject of law enforcement trace requests every year. In the Bay Area for each of the last three years, Trader Sports has consistently had 250-300 trace requests by law enforcement (400-500 nationwide). This is a high number and demonstrates that a significant number of firearms sold by Trader Sports each year are being used to commit crime. I continue to believe that these factors and the other relevant information developed in the inspections from 2000-2003 support the license revocation action and the decision not to stay that revocation.

I declare under penalty of perjury that the foregoing is true and accurate and that I have executed this declaration on May 4, 2006 in San Francisco, California.

MARTINA J. MCKEE

DECLARATION OF MARTINA J. MCKEE
C 06-1136 VRW                    8