KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

450 Golden Gate Avenue, Tenth Floor
San Francisco, California 94102
Telephone: (415) 436-6909
Facsimile: (415) 436-6748
Email: jonathan.lee@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

TRADER SPORTS, INC. dba THE TRADERS,

Plaintiff,

v.

ALBERTO GONZALES, Attorney General, United States Department of Justice, CARL J. TRUSCOTT, Director, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice, MARY LERCH, Director of Industry Operations, San Francisco Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice,

Defendants.

No. C 06-001136 VRW

**STIPULATION AND ~~PROPOSED~~ ORDER REGARDING PENDING RETAIL FIREARMS TRANSACTIONS**

SUBJECT TO THE APPROVAL OF THE COURT, THE PARTIES HEREBY AGREE TO THE FOLLOWING STIPULATION AND PROPOSED ORDER:

WHEREAS, plaintiff TRADER SPORTS, INC. dba THE TRADERS ("Trader Sports") filed this action ("the Action") on February 16, 2006, against Defendants ALBERTO GONZALES, Attorney General, United States Department of Justice, CARL J. TRUSCOTT, Director, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice, MARY LERCH, Director of Industry Operations, San Francisco Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice ("Federal Defendants") alleging the Federal Defendants improperly issued a notice to plaintiff in December 2005 revoking plaintiff's federal firearms license ("the Notice or Revocation"), effective June 1, 2006;

WHEREAS, the Federal Defendants issued the Notice of Revocation and provided a five month period for plaintiff to wind down its business operations as a federal firearms licensee so that, *inter alia*, members of the public who wished to purchase a firearm from plaintiff would not be unduly inconvenienced;

WHEREAS, on April 3, 2006, plaintiff filed a Motion for Preliminary Injunction and For Stay Of License Revocation Pending De Novo Judicial Review, Or In The Alternative, For Temporary Restraining Order And For Issuance Of Order To Show Cause Re Preliminary Injunction, requesting that the Court order a stay of the effective date of its license revocation ("plaintiff's Motion");

WHEREAS, on April 24, 2006, the Federal Defendants filed their answer to the complaint, denying its material allegations and asserting affirmative defenses;

WHEREAS, after briefing by the Federal Defendants and plaintiff, the Court heard oral argument on May 25, 2006 regarding plaintiff's Motion;

WHEREAS, the Court denied plaintiff's Motion in a ruling from the bench on May 25, 2006 and the Court extended the effective date of the revocation of plaintiff's license by one day to June 2, 2006;

WHEREAS, following the May 25th ruling by the Court, the parties have discussed certain logistical issues and have agreed to enter this stipulation for the limited purpose of permitting the

orderly completion of legitimate retail firearms transactions that are pending as of the close of plaintiff's operations on June 2, 2006;

NOW, THEREFORE, IT IS HEREBY STIPULATED as follows:

1. Plaintiff shall be permitted to complete "pending retail firearms transactions," but only on a limited basis under the terms and conditions specified herein.

2. For purposes of this Stipulation, a "pending retail firearms transaction" is defined as those firearms sales satisfying each of the following three elements: (1) those firearms sales for which the Dealer Record of Sale ("DROS") has been submitted to the California Department of Justice but the firearm has not been transferred to the purchaser as of the end of plaintiff's business operations on June 2, 2006, and (2) which plaintiff describes on the list document described below, and (3) which are verified by ATF as legitimate retail sale transactions;

3. Trader Sports shall deliver a list of all "pending retail firearms transaction" including at a minimum the name of the purchaser, date of sale, DROS number, and description of firearm (for long guns only), no later than the close of business operations on June 2, 2006 ("the List"). The List shall be delivered to ATF by facsimile no later than 6:30 p.m. on June 2, 2006;

4. The purpose of the List described in the preceding paragraph is to provide the facts on which ATF can verify the legitimacy of the transaction. If the list referred to in the preceding paragraph is not delivered timely or does not contain the required information, plaintiff has failed to satisfy a material condition of this Stipulation and the plaintiff's limited permission to complete "pending retail firearms transactions" is extinguished immediately, by plaintiff's failure to perform the condition;

5. Any transaction not listed by plaintiff on the list provided to the ATF on June 2, 2006 shall not be a "pending retail firearms transaction" as defined by this Stipulation, and therefore plaintiff may not complete any such transaction;

6. Plaintiff shall have fourteen days beyond the close of its operations on June 2,

2006 during which it is to complete all "pending retail firearms transactions" under this Stipulation. The limited permission to complete firearms transactions provided by this Stipulation therefore terminates at the close of regular business hours on June 16, 2006;

7. Plaintiff agrees to complete, fully and accurately, all record-keeping requirements on the "pending retail firearms transactions" described in this Stipulation, including but not limited to fully completed and executed Form 4473s and certified disposition record entries;

8. Anthony Cucchiara, as the President of Trader Sports, Inc. (a California corporation), Federal firearms license number 9-94-001-5H-23067, acknowledges that the required records of the licensee, including but not limited to all copies of plaintiff's Federal firearms license, are to submitted within 30 days to the ATF Out-of-Business Records Center in West Virginia. 18 U.S.C. § 923(g)(4) and 27 C.F.R. § 478.127. In order to facilitate this submission, the agency will pick-up these records from the business premises and ship them to West Virginia to facilitate law enforcement firearms tracing. These records consist of the licensees bound acquisition and disposition records, ATF Forms 4473, ATF Forms 5300.35 (the Brady forms), ATF Form 3310.11 (Federal firearms Licensee Theft/Loss Report), records of transactions in semiautomatic assault weapons and law enforcement certifications letters, including records approved to be used in computerized record keeping systems, namely: a complete print out of the entire A & D records, and an ASCII text file (conforming to common industry standards) along with a file description. *See* Section: Questions and Answers, number C-7, Federal Firearms Reference Guide, ATF P 5300.4 at 180. Therefore, under the law, Trader Sports must submit the records no later than July 2, 2006. By this Stipulation, however, the parties agree to extend this deadline by fifteen days to July 17, 2006;

9. The parties agree that the ATF may conduct compliance inspections, including but

not limited to inspections of plaintiff's inventory and records during the duration of the period described in this Stipulation. The parties specifically agree that the provisions of 18 U.S.C. § 923(g)(1)(B) do not apply to these parties during the period covered by this Stipulation, beginning with the parties' execution of this stipulation and ending on July 17, 2006;

10. This stipulation is not intended to bind or constrain any state or local government agency;

11. This stipulation is binding on the plaintiff and its officers, directors, employees, independent contractors, consultants, representatives, agents, accountants, attorneys, heirs, executors, administrators or assigns;

12. Mr. Cucchiara, by signing below, promises, assures and warrants to the Court that he has the authority to enter into this stipulation and thereby bind plaintiff and its officers, directors, employees, independent contractors, consultants, representatives, agents, accountants, and attorneys, as well as its heirs, executors, administrators or assigns;

13. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation;

14. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this Stipulation and that they have had the contents of this Stipulation fully explained by counsel and that they are fully aware of and understand all of the terms of the Stipulation and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this Stipulation and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this Stipulation;

15. If any provision of this Stipulation shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. This instrument shall constitute the

entire Stipulation between the parties, and it is expressly understood and agreed that this Stipulation has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Stipulation;

16. This Stipulation is for the limited purpose of completing a limited category of transactions that may have been begun but not completed, due to required waiting periods and other applicable laws, by the time of the plaintiff's license revocation on June 2, 2006;

17. This Stipulation does not represent any concession of wrongdoing or liability by any party. This Stipulation is in the nature of settlement negotiations and may not be admissible under the Federal Rules of Evidence;

18. This Stipulation makes no provision for any sales of firearms by plaintiff other than those transactions defined herein as "pending retail firearms transactions." The Stipulation does not permit the acquisition of firearms by plaintiff, nor does the Stipulation permit sales of plaintiff's inventory of firearms after June 2, 2006. Plaintiff has been informed that it may make proposals regarding disposition of its inventory in writing separately;

19. This Stipulation does not settle, resolve or compromise the Action;

20. Plaintiff agrees to fully comply with all recordkeeping requirements imposed by law and regulation on such licensee.

**IT IS SO STIPULATED.**

DATED: June 1, 2006

/s/
Anthony Cucchiara, Owner
TRADER SPORTS, INC. dba THE TRADERS
Plaintiff

DATED: June 1, 2006

SEGAL & KIRBY

/s/

MALCOLM SEGAL
Attorney for Plaintiff

entire Stipulation between the parties, and it is expressly understood and agreed that this Stipulation has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Stipulation;

16. This Stipulation is for the limited purpose of completing a limited category of transactions that may have been begun but not completed, due to required waiting periods and other applicable laws, by the time of the plaintiff's license revocation on June 2, 2006;

17. This Stipulation does not represent any concession of wrongdoing or liability by any party. This Stipulation is in the nature of settlement negotiations and may not be admissible under the Federal Rules of Evidence;

18. This Stipulation makes no provision for any sales of firearms by plaintiff other than those transactions defined herein as "pending retail firearms transactions." The Stipulation does not permit the acquisition of firearms by plaintiff, nor does the Stipulation permit sales of plaintiff's inventory of firearms after June 2, 2006. Plaintiff has been informed that it may make proposals regarding disposition of its inventory in writing separately;

19. This Stipulation does not settle, resolve or compromise the Action;

20. Plaintiff agrees to fully comply with all recordkeeping requirements imposed by law and regulation on such licensees.

IT IS SO STIPULATED.

DATED: June 1, 2006

Anthony Cucchiara, Owner
TRADER SPORTS, INC. dba THE TRADERS
Plaintiff

DATED: June 1, 2006

SEGAL & KIRBY

MALCOLM SEGAL
Attorney for Plaintiff

DATED: June 1, 2006

KEVIN V. RYAN
United States Attorney

/s/
JONATHAN U. LEE
Assistant United States Attorney
Attorneys for Defendants

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED: June 2, 2006

The Honorable VAUGHN R. WALKER
UNITED STATES DISTRICT JUDGE