KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

450 Golden Gate Avenue, Tenth Floor
San Francisco, California 94102
Telephone: (415) 436-6909
Facsimile: (415) 436-6748
Email: jonathan.lee@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRADER SPORTS, INC. dba THE TRADERS,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTO GONZALES, Attorney General, United States Department of Justice, CARL J. TRUSCOTT, Director, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice, MARY LERCH, Director of Industry Operations, San Francisco Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice,<br><br>Defendants. | No. C 06-001136 VRW<br><br>**STIPULATION AND ~~PROPOSED~~ ORDER REGARDING QUALIFYING BULK SALE** |

SUBJECT TO THE APPROVAL OF THE COURT, THE PARTIES HEREBY AGREE TO THE FOLLOWING STIPULATION AND PROPOSED ORDER:

WHEREAS, plaintiff TRADER SPORTS, INC. dba THE TRADERS ("Trader Sports") filed this action ("the Action") on February 16, 2006, against Defendants ALBERTO GONZALES, Attorney General, United States Department of Justice, CARL J. TRUSCOTT, Director, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice, MARY LERCH, Director of Industry Operations, San Francisco Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice ("Federal

Defendants"), alleging that Federal Defendants improperly issued a notice to plaintiff in December 2005 revoking plaintiff's federal firearms license ("the Notice or Revocation"), effective June 1, 2006;

WHEREAS, the Federal Defendants issued the Notice of Revocation and provided a five month period for plaintiff to wind down its business operations as a federal firearms licensee so that, *inter alia*, members of the public who wished to purchase a firearm from plaintiff would not be unduly inconvenienced;

WHEREAS, on April 3, 2006, plaintiff filed a Motion for Preliminary Injunction and For Stay Of License Revocation Pending De Novo Judicial Review, Or In The Alternative, For Temporary Restraining Order And For Issuance Of Order To Show Cause Re Preliminary Injunction, requesting that the Court order a stay of the effective date of its license revocation ("plaintiff's Motion");

WHEREAS, on April 24, 2006, the Federal Defendants filed their answer to the complaint, denying its material allegations and asserting affirmative defenses;

WHEREAS, after briefing by the Federal Defendants and plaintiff, the Court heard oral argument on May 25, 2006 regarding plaintiff's Motion and denied the Motion in a ruling from the bench;

WHEREAS, plaintiff's license revocation became effective June 2, 2006;

WHEREAS, through this stipulation, plaintiff's intent is not to engage in business, but will only dispose of its remaining firearms inventory;

WHEREAS, the parties acknowledge that this stipulation does not change existing case law that any person engaging in the business of dealing firearms must have a proper firearms dealer license under the Gun Control Act of 1968. Plaintiff affirms and represents herein that it intends to cease the business of being engaged in the dealing of firearms under the Gun Control Act of 1968 and this disposition of its firearms inventory is for this purpose as an isolated business act of concluding its proper completion of its required records.

NOW, THEREFORE, IT IS HEREBY STIPULATED as follows:

1. The Federal Defendants agree to permit a single "Qualifying Bulk Sale"

under the terms and conditions set forth herein.

2. For purposes of this Stipulation, a "Qualifying Bulk Sale" is defined as a sale of the entire inventory of firearms in plaintiff's possession on or before June 30, 2006, in complete and total compliance with all applicable regulatory requirements, and that satisfy each of the following elements: (1) the bulk sale must be to CDNN Sports, Inc., Abilene, Texas, Federal Firearms license number 5-75-441-01-8L-62426 (expiration date 11/1/08) ("Licensed Buyer"), (2) the bulk sale must be described by plaintiff on a list document ("List"), as described in paragraphs 5 and 6 below, (3) the List document must be provided no later than 6:30 p.m. on June 30, 2006, (4) for each firearm sold in the Qualifying Bulk Sale, the acquisition and disposition record will be fully and properly executed by plaintiff, and (5) the Qualifying Bulk Sale must be verified by ATF as a legitimate, arms-length transaction.

3. In connection with paragraph 2 above, Trader Sports warrants that neither it nor any of its officers, directors or owners have any existing interest in "Licensed Buyer" including but not limited to financial interests, ownership interests, or joint operating interests Trader Sports warrants that neither it nor any of its officers, directors or owners hold any future interest or expectation of future interest in "Licensed Buyer" including but not limited to financial interests, ownership interests, or joint operating interests. Trader Sports warrants that neither it nor any of its officers, directors or owners have any blood relationship with or relationship by marriage with any owner, officer, director, shareholder or employee of "Licensed Buyer."

4. In connection with paragraph 2 above, Trader Sports will provide a complete copy of all writings, as that term is defined in Federal Rule of Evidence 1001(1), relating to the Qualifying Bulk Sale permitted by this

stipulation.

5. It is a material condition of this Stipulation that Trader Sports shall deliver a list of all "Qualifying Bulk Sale" including at a minimum a description of the firearms, by name of manufacturer/importer, model, serial number, type, caliber or gauge, and the buyers' Federal firearms license number and name ("the List"). The List shall be delivered to ATF by facsimile no later than 6:30 p.m. on June 30, 2006;

6. The purpose of the List described in the preceding paragraph is to provide the facts on which ATF can verify the legitimacy of the transaction. If the list referred to in the preceding paragraph is not delivered timely or does not contain the required information, plaintiff has failed to satisfy a material condition of this Stipulation and the plaintiff's limited permission to complete "Qualifying Bulk Sale" is extinguished immediately, by plaintiff's failure to perform the condition;

7. Any transaction not listed by plaintiff on the list provided to the ATF no later than 6:30 p.m. on June 30, 2006 shall not be a "Qualifying Bulk Sale" as defined by this Stipulation, and therefore plaintiff may not complete any such transaction;

8. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation and Agreement.

9. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this Stipulation and Agreement and that they have had the contents of this Stipulation and Agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this Stipulation and

Agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this Stipulation and Agreement.

10. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

11. Plaintiff has requested a period of ten days beyond the deadline of 6:30 p.m. on June 30, 2006 to facilitate the packaging and shipment of its complete inventory to the purchaser CDNN Sports, Inc., Abilene, Texas, Federal Firearms license number 5-75-441-01-8L-62426 (expiration date 11/1/08) ("Licensed Buyer"). The parties have agreed to this. Therefore, the limited permission for plaintiff to complete packaging and shipment of the complete inventory of weapons to the Licensed Buyer expires at 6:30 p.m. Pacific Time on July 10, 2006;

12. The limited extension of time for packaging and shipment of plaintiff's complete firearms inventory described in paragraph 11 does not alter plaintiff's other obligations under this agreement, including but not limited to plaintiff's obligation to provide the List described in paragraphs 2, 5 and 6 above;

13. Plaintiff agrees to complete, fully and accurately, all record-keeping requirements on the "Qualifying Bulk Sale" described in this Stipulation, including but not limited to fully completed and executed Form 4473s and

certified disposition record entries;

14. The parties agree that the ATF may conduct compliance inspections, including but not limited to inspections of plaintiff's inventory and records during the duration of the period described in this Stipulation. The parties specifically agree that the provisions of 18 U.S.C. § 923(g)(1)(B) do not apply to these parties during the period covered by this Stipulation and the prior stipulation filed with the Court on June 1, 2006, which period covers June 1, 2006 to July 17, 2006;

15. This stipulation is not intended to bind or constrain any state or local government agency;

16. This stipulation is binding on the plaintiff and its officers, directors, employees, independent contractors, consultants, representatives, agents, accountants, attorneys, heirs, executors, administrators or assigns;

17. Mr. Cucchiara, by signing below, promises, assures and warrants to the Court that he has the authority to enter into this stipulation and thereby bind plaintiff and its officers, directors, employees, independent contractors, consultants, representatives, agents, accountants, and attorneys, as well as its heirs, executors, administrators or assigns;

18. This Stipulation makes no provision for any sales of firearms by plaintiff other than those transactions defined herein as "Qualifying Bulk Sale."

19. Plaintiff agrees to fully comply with all recordkeeping requirements imposed by law and regulation on such licensee.

20. At a mutually convenient time, on or before June 30, 2006, plaintiff agrees to meet with representatives of the ATF, at plaintiff's premises, for the purpose of a survey by ATF of the volume of records and documents of plaintiff's that according to law must be provided to the ATF's Out of Business Records Center in a timely and complete manner. Counsel for the parties will make the necessary arrangements for the scheduling of this

meeting within 48 hours of the filing of this stipulation.

**IT IS SO STIPULATED.**

DATED: June __, 2006

______________________________
Anthony Cucchiara, Owner
TRADER SPORTS, INC. dba THE TRADERS
Plaintiff

DATED: June __, 2006

SEGAL & KIRBY

______________________________
MALCOLM SEGAL
Attorney for Plaintiff

DATED: June 23, 2006

KEVIN V. RYAN
United States Attorney

______________________________
JONATHAN U. LEE
Assistant United States Attorney
Attorneys for Defendants

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED: ____________________

______________________________
The Honorable VAUGHN R. WALKER
UNITED STATES DISTRICT JUDGE

meeting within 48 hours of the filing of this stipulation.

IT IS SO STIPULATED.

DATED: June 23, 2006

Anthony Cucchiara, Owner
TRADER SPORTS, INC. dba THE TRADERS
Plaintiff

DATED: June 23, 2006

SEGAL & KIRBY

MALCOLM SEGAL
Attorney for Plaintiff

DATED: June __, 2006

KEVIN V. RYAN
United States Attorney

JONATHAN U. LEE
Assistant United States Attorney
Attorneys for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: June 26, 2006

The Honorable VAUGHN R. WALKER
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
Judge Vaughn R Walker