1   KEVIN V. RYAN (SBN 118321)
    United States Attorney
2   JOANN M. SWANSON (SBN 88143)
    Chief, Civil Division
3   JONATHAN U. LEE (SBN 148792)
    Assistant United States Attorney
4
5        450 Golden Gate Avenue, Tenth Floor
         San Francisco, California 94102
         Telephone:    (415) 436-6909
6        Facsimile:    (415) 436-6748
         Email: jonathan.lee@usdoj.gov
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11
    TRADER SPORTS, INC. dba THE        )   No. C 06-001136 VRW
12  TRADERS,                           )
                                       )   **STIPULATION AND PROPOSED**
13              Plaintiff,             )   **ORDER REGARDING DISMISSAL**
                                       )   **WITH PREJUDICE**
14         v.                          )
                                       )
15  ALBERTO GONZALES, Attorney General, )
    United States Department of Justice, CARL )
16  J. TRUSCOTT, Director, Bureau of   )
    Alcohol, Tobacco, Firearms and Explosives, )
17  United States Department of Justice, MARY )
    LERCH, Director of Industry Operations, )
18  San Francisco Field Division, Bureau of )
    Alcohol, Tobacco, Firearms and Explosives, )
19  United States Department of Justice, )
                                       )
20              Defendants.            )
                                       )
21  _____)

22       SUBJECT TO THE APPROVAL OF THE COURT, THE PARTIES HEREBY AGREE

23  TO THE FOLLOWING STIPULATION AND PROPOSED ORDER REGARDING

24  DISMISSAL WITH PREJUDICE:

25       WHEREAS, plaintiff TRADER SPORTS, INC. dba THE TRADERS ("Trader Sports")

26  filed this action ("the Action") on February 16, 2006, against Defendants ALBERTO

27  GONZALES, Attorney General, United States Department of Justice, CARL J. TRUSCOTT,

28  Director, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of

    Justice, MARY LERCH, Director of Industry Operations, San Francisco Field Division, Bureau

of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice ("Federal Defendants"), alleging that Federal Defendants improperly issued a notice to plaintiff in December 2005 revoking plaintiff's federal firearms license, effective June 1, 2006;

WHEREAS, the Federal Defendants issued the Notice of Revocation following a two day administrative hearing in November 2004, which was preceded by inspections of Trader Sports in 2000, 2002, and 2003 that revealed violations of federal record-keeping regulations, which the Federal Defendants documented in Reports of Violations provided to Trader Sports following each inspection, that Trader Sports later contended did not demonstrate willful violations of federal firearms regulations;

WHEREAS, on April 3, 2006, plaintiff filed a Motion for Preliminary Injunction and For Stay Of License Revocation Pending De Novo Judicial Review, Or In The Alternative, For Temporary Restraining Order And For Issuance Of Order To Show Cause Re Preliminary Injunction, requesting that the Court order a stay of the effective date of its license revocation ("plaintiff's Motion");

WHEREAS, on April 24, 2006, the Federal Defendants filed their answer to the complaint, denying its material allegations and asserting affirmative defenses;

WHEREAS, after briefing by the Federal Defendants and plaintiff, the Court heard oral argument on May 25, 2006 regarding plaintiff's Motion and denied the Motion in a ruling from the bench;

WHEREAS, the parties each have pending motions for summary judgment before this Court with oral argument scheduled on October 5, 2006;

NOW, THEREFORE, IT IS HEREBY STIPULATED as follows:

1.    The parties to this litigation do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein;

2.    In consideration for the Federal Defendants' waiver of any claim for costs or expenses of any kind arising from the subject matter of this litigation, including any claim for attorney fees or costs incurred by the Federal Defendants, plaintiff agrees to an immediate voluntary dismissal of this

litigation with prejudice, including full settlement and satisfaction of any
and all claims, demands, rights, and causes of action of whatsoever kind
and nature that were or could have been asserted in this litigation, arising
from, and by reason of any and all known and unknown, foreseen and
unforeseen injury of any kind that were or could have been alleged in this
litigation, including but not limited to damage to plaintiff's business
operations and the consequences thereof, resulting, and to result, from the
same subject matter that gave rise to the above-captioned lawsuit,
including but not limited to the revocation of plaintiff's license, for which
plaintiff, their heirs, executors, administrators, or assigns, and each of
them, now have or may hereafter acquire against the United States of
America or its agents, servants, and employees;

3. This stipulation recites all terms of the parties' agreement. The Federal
Defendants have not made any representation, for example, to plaintiff
regarding any future application for a federal firearms license;

4. This stipulation for compromise settlement is entered into by all parties for
the purpose of compromising disputed claims and avoiding the expenses
and risks of litigation. This settlement does not constitute an admission of
liability or fault on the part of any party;

5. The only consideration provided by the Federal Defendants is the waiver
of any claim for costs or expenses associated with this litigation described
herein;

6. Plaintiff does not join but will not oppose the Federal Defendants' request
that the Court issue an written, signed order confirming its ruling on the
plaintiff's motion for preliminary injunction, to be published on Westlaw
or similar service, in light of the important public policy issues involved in
this litigation.

7. This agreement may be pled as a full and complete defense to any

1    subsequent action or other proceeding which arises out of the claims

2    released and discharged by the agreement;

3    8.    Plaintiffs hereby release and forever discharge the United States of

4    America and any and all of its past and present officials, employees,

5    agents, attorneys, their successors and assigns, from any and all

6    obligations, damages, liabilities, actions, causes of actions, claims and

7    demands of any kind and nature whatsoever, whether suspected or

8    unsuspected, at law or in equity, known or unknown, arising out of the

9    allegations set forth in plaintiff's pleadings in this action;

10    9.    The provisions of California Civil Code Section 1542 are set forth below:

11    "A general release does not extend to claims which
the creditor does not know or suspect to exist in his

12    favor at the time of executing the release, which if
known by him must have materially affected his

13    settlement with the debtor."

14    Plaintiffs, having been apprised of the statutory language of Civil Code

15    Section 1542 by their attorney of record, and fully understanding the same,

16    nevertheless elect to waive the benefits of any and all rights they may have

17    pursuant to the provision of that statute and any similar provision of

18    federal law.  Plaintiffs understand that, if the facts concerning injuries or

19    liability for damages pertaining thereto are found hereinafter to be other

20    than or different from the facts now believed by them to be true, this

21    settlement agreement shall be and remain effective notwithstanding such

22    material difference;

23    10.    The parties agree that this stipulation is intended to be a full and final

24    settlement of all claims arising out of the allegations set forth in plaintiffs'

25    pleadings in this action.  Plaintiff agrees to indemnify and hold harmless

26    defendant United States of America from any and all claims, demands,

27    obligations, liens, and lawsuits brought against the United States of

28    America, its agencies or employees, arising out of the allegations set forth

1     in plaintiff's complaint in this action;

2     11.    The parties agree that the District Court for the Northern District of

3          California shall retain jurisdiction over this matter for the purposes of

4          resolving any dispute alleging a breach of this Stipulation and Agreement;

5     12.    Each party acknowledges that they have been represented by and have

6          relied upon independent counsel in negotiating, preparing and entering

7          into this Stipulation and Agreement and that they have had the contents of

8          this Stipulation and Agreement fully explained by counsel and that they

9          are fully aware of and understand all of the terms of the agreement and the

10         legal consequences thereof.  It is further acknowledged that the parties

11         have mutually participated in the drafting of this Stipulation and

12         Agreement and it is agreed that no provision herein shall be construed

13         against any party hereto by virtue of the drafting of this Stipulation and

14         Agreement;

15     13.    If any provision of this Stipulation and Agreement shall be held invalid,

16         illegal, or unenforceable, the validity, legality, and enforceability of the

17         remaining provisions shall not in any way be affected or impaired thereby.

18         This instrument shall constitute the entire agreement between the parties,

19         and it is expressly understood and agreed that this agreement has been

20         freely and voluntarily entered into by the parties hereto with the advice of

21         counsel, who have explained the legal effect of this agreement.  The

22         parties further acknowledge that no warranties or representations have

23         been made on any subject other than as set forth in this agreement;

24     14.    The parties further agree that the filing of this executed Stipulation and

25         Agreement shall notify the Court of the parties' agreement to vacate all

26         pending discovery, motion hearing dates, settlement or pretrial deadlines

27         or trial date associated with this litigation;

28     15.    This stipulation is binding on the plaintiff and its officers, directors,

STIPULATION AND PROPOSED ORDER
C 06-1136 VRW       5

1    employees, independent contractors, consultants, representatives, agents,

2    accountants, attorneys, heirs, executors, administrators or assigns;

3    16.    Plaintiff waives any claim for costs or expenses of any kind arising from

4    the subject matter of this litigation, including any claim for attorney fees or

5    costs incurred by plaintiff in connection with the subject matter of this

6    litigation, including but not limited to the underlying administrative

7    hearing and inspections of plaintiff in 2000, 2002, and 2003;

8    17.    Mr. Cucchiara, by signing below, promises, assures and warrants to the

9    Court that he has the authority to enter into this stipulation and thereby

10   bind plaintiff and its officers, directors, employees, independent

11   contractors, consultants, representatives, agents, accountants, and

12   attorneys, as well as its heirs, executors, administrators or assigns.

14   **IT IS SO STIPULATED.**

15   DATED: September 25, 2006          /Anthony Cucchiara/

16                                      Anthony Cucchiara, Owner
                                        TRADER SPORTS, INC. dba THE TRADERS

17                                      Plaintiff

19   DATED: September 25, 2006          SEGAL & KIRBY

21                                      /Malcolm Segal/

22                                      MALCOLM SEGAL
                                        Attorney for Plaintiff

24   DATED: September 25, 2006          KEVIN V. RYAN
                                        United States Attorney

26                                      /Jonathan U. Lee/

27                                      JONATHAN U. LEE
                                        Assistant United States Attorney

28                                      Attorneys for Defendants

1

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

2

3

4   DATED: _____      _____

5                                      The Honorable VAUGHN R. WALKER
                                       UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28