KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

    450 Golden Gate Avenue, Tenth Floor
    San Francisco, California 94102
    Telephone:   (415) 436-6909
    Facsimile:    (415) 436-6748
    Email: jonathan.lee@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TRADER SPORTS, INC. dba THE TRADERS,<br><br>    Plaintiff,<br><br>v.<br><br>ALBERTO GONZALES, Attorney General, United States Department of Justice, CARL J. TRUSCOTT, Director, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice, MARY LERCH, Director of Industry Operations, San Francisco Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice,<br><br>    Defendants. | No. C 06-001136 VRW<br><br>**STIPULATION AND** ~~**PROPOSED**~~ **ORDER REGARDING DISMISSAL WITH PREJUDICE** |

SUBJECT TO THE APPROVAL OF THE COURT, THE PARTIES HEREBY AGREE TO THE FOLLOWING STIPULATION AND PROPOSED ORDER REGARDING DISMISSAL WITH PREJUDICE:

WHEREAS, plaintiff TRADER SPORTS, INC. dba THE TRADERS ("Trader Sports") filed this action ("the Action") on February 16, 2006, against Defendants ALBERTO GONZALES, Attorney General, United States Department of Justice, CARL J. TRUSCOTT, Director, Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice, MARY LERCH, Director of Industry Operations, San Francisco Field Division, Bureau

of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice ("Federal Defendants"), alleging that Federal Defendants improperly issued a notice to plaintiff in December 2005 revoking plaintiff's federal firearms license, effective June 1, 2006;

WHEREAS, the Federal Defendants issued the Notice of Revocation following a two day administrative hearing in November 2004, which was preceded by inspections of Trader Sports in 2000, 2002, and 2003 that revealed violations of federal record-keeping regulations, which the Federal Defendants documented in Reports of Violations provided to Trader Sports following each inspection, that Trader Sports later contended did not demonstrate willful violations of federal firearms regulations;

WHEREAS, on April 3, 2006, plaintiff filed a Motion for Preliminary Injunction and For Stay Of License Revocation Pending De Novo Judicial Review, Or In The Alternative, For Temporary Restraining Order And For Issuance Of Order To Show Cause Re Preliminary Injunction, requesting that the Court order a stay of the effective date of its license revocation ("plaintiff's Motion");

WHEREAS, on April 24, 2006, the Federal Defendants filed their answer to the complaint, denying its material allegations and asserting affirmative defenses;

WHEREAS, after briefing by the Federal Defendants and plaintiff, the Court heard oral argument on May 25, 2006 regarding plaintiff's Motion and denied the Motion in a ruling from the bench;

WHEREAS, the parties each have pending motions for summary judgment before this Court with oral argument scheduled on October 5, 2006;

NOW, THEREFORE, IT IS HEREBY STIPULATED as follows:

1. The parties to this litigation do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein;

2. In consideration for the Federal Defendants' waiver of any claim for costs or expenses of any kind arising from the subject matter of this litigation, including any claim for attorney fees or costs incurred by the Federal Defendants, plaintiff agrees to an immediate voluntary dismissal of this

litigation with prejudice, including full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature that were or could have been asserted in this litigation, arising from, and by reason of any and all known and unknown, foreseen and unforeseen injury of any kind that were or could have been alleged in this litigation, including but not limited to damage to plaintiff's business operations and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, including but not limited to the revocation of plaintiff's license, for which plaintiff, their heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America or its agents, servants, and employees;

3. This stipulation recites all terms of the parties' agreement. The Federal Defendants have not made any representation, for example, to plaintiff regarding any future application for a federal firearms license;

4. This stipulation for compromise settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation. This settlement does not constitute an admission of liability or fault on the part of any party;

5. The only consideration provided by the Federal Defendants is the waiver of any claim for costs or expenses associated with this litigation described herein;

6. Plaintiff does not join but will not oppose the Federal Defendants' request that the Court issue an written, signed order confirming its ruling on the plaintiff's motion for preliminary injunction, to be published on Westlaw or similar service, in light of the important public policy issues involved in this litigation.

7. This agreement may be pled as a full and complete defense to any

1         subsequent action or other proceeding which arises out of the claims
2         released and discharged by the agreement;
3   8.  Plaintiffs hereby release and forever discharge the United States of
4         America and any and all of its past and present officials, employees,
5         agents, attorneys, their successors and assigns, from any and all
6         obligations, damages, liabilities, actions, causes of actions, claims and
7         demands of any kind and nature whatsoever, whether suspected or
8         unsuspected, at law or in equity, known or unknown, arising out of the
9         allegations set forth in plaintiff's pleadings in this action;
10   9.  The provisions of California Civil Code Section 1542 are set forth below:
11-13   "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."
14         Plaintiffs, having been apprised of the statutory language of Civil Code
15         Section 1542 by their attorney of record, and fully understanding the same,
16         nevertheless elect to waive the benefits of any and all rights they may have
17         pursuant to the provision of that statute and any similar provision of
18         federal law. Plaintiffs understand that, if the facts concerning injuries or
19         liability for damages pertaining thereto are found hereinafter to be other
20         than or different from the facts now believed by them to be true, this
21         settlement agreement shall be and remain effective notwithstanding such
22         material difference;
23   10.  The parties agree that this stipulation is intended to be a full and final
24         settlement of all claims arising out of the allegations set forth in plaintiffs'
25         pleadings in this action. Plaintiff agrees to indemnify and hold harmless
26         defendant United States of America from any and all claims, demands,
27         obligations, liens, and lawsuits brought against the United States of
28         America, its agencies or employees, arising out of the allegations set forth

STIPULATION AND PROPOSED ORDER
C 06-1136 VRW         4

| | | |
|---|---|---|
| 1 | | in plaintiff's complaint in this action; |
| 2 | 11. | The parties agree that the District Court for the Northern District of California shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation and Agreement; |
| 5 | 12. | Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this Stipulation and Agreement and that they have had the contents of this Stipulation and Agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this Stipulation and Agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this Stipulation and Agreement; |
| 15 | 13. | If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement; |
| 24 | 14. | The parties further agree that the filing of this executed Stipulation and Agreement shall notify the Court of the parties' agreement to vacate all pending discovery, motion hearing dates, settlement or pretrial deadlines or trial date associated with this litigation; |
| 28 | 15. | This stipulation is binding on the plaintiff and its officers, directors, |

STIPULATION AND PROPOSED ORDER
C 06-1136 VRW                                           5

|   |   |
|---|---|
| 1 | employees, independent contractors, consultants, representatives, agents, |
| 2 | accountants, attorneys, heirs, executors, administrators or assigns; |
| 3 | 16. Plaintiff waives any claim for costs or expenses of any kind arising from |
| 4 | the subject matter of this litigation, including any claim for attorney fees or |
| 5 | costs incurred by plaintiff in connection with the subject matter of this |
| 6 | litigation, including but not limited to the underlying administrative |
| 7 | hearing and inspections of plaintiff in 2000, 2002, and 2003; |
| 8 | 17. Mr. Cucchiara, by signing below, promises, assures and warrants to the |
| 9 | Court that he has the authority to enter into this stipulation and thereby |
| 10 | bind plaintiff and its officers, directors, employees, independent |
| 11 | contractors, consultants, representatives, agents, accountants, and |
| 12 | attorneys, as well as its heirs, executors, administrators or assigns. |

**IT IS SO STIPULATED.**

DATED: September 25, 2006        /Anthony Cucchiara/
                                 Anthony Cucchiara, Owner
                                 TRADER SPORTS, INC. dba THE TRADERS
                                 Plaintiff

DATED: September 25, 2006        SEGAL & KIRBY

                                 /Malcolm Segal/
                                 MALCOLM SEGAL
                                 Attorney for Plaintiff

DATED: September 25, 2006        KEVIN V. RYAN
                                 United States Attorney

                                 /Jonathan U. Lee/
                                 JONATHAN U. LEE
                                 Assistant United States Attorney
                                 Attorneys for Defendants

STIPULATION AND PROPOSED ORDER
C 06-1136 VRW                    6

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED: September 29, 2006     _____
　　　　　　　　　　　　　　　　The Honorable VAUGHN R. WALKER
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

STIPULATION AND PROPOSED ORDER
C 06-1136 VRW                    7